## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**JOE N. BRYANT, III**                                      **PLAINTIFF**

**v.**                         **No. 4:24-cv-491-DPM**

**LESTER GRIFFIN;  GRIFFIN**
**PLANTING CO., INC.;  and**
**BROWN PELICAN FARMS, LLC**              **DEFENDANTS**

### ORDER

1.      The parties have fallen out over an easement.  Brown Pelican bought a farm in Jefferson County with a thirty-foot appurtenant easement for access—a gravel road that branches off to a driveway to a nearby house.  Griffin and his corporation are Brown Pelican's tenants; they farm the ground.  (The Court will refer to everyone sued as Brown Pelican.)  Bryant later bought the house and land burdened by the easement.  Disputes arose about alleged misuse of the easement over the gravel road.  According to Bryant, the problems included noise, dust, speeding, use beyond the easement, plus run-over pets.  He responded by installing speed bumps to slow the traffic and gate posts to mark the width of the easement.  The parties dispute whether the posts were twenty-eight or thirty feet apart.  Brown Pelican removed (and Bryant says damaged) the speed bumps.  Bryant says that Brown Pelican asked him to remove the gate posts because they interfered with

getting large equipment in and Brown Pelican needed access exceeding thirty feet.  In return, he says, Brown Pelican promised to build its own access road and abandon the easement.  Bryant agreed, removed the gate posts, and allowed expanded access.  Brown Pelican began work on the new road but never finished it.  Misuse of the easement, Bryant says, continues.

Bryant has sued, claiming breach of an oral contract and seeking specific performance—finish the access road and abandon the easement.  He has a fallback claim for promissory estoppel.  He also asserts a nuisance claim (the noise, dust, speeding, and use exceeding the easement) and conversion claim (related to the speed bumps).  He wants an injunction, too.  He specifically pleads that his monetary damages do not exceed $70,000.  Bryant also asks for a declaration of the easement's southern boundary along a line of cedar trees.

Brown Pelican removed the case here from the Circuit Court of Jefferson County.  Bryant has moved to remand it, arguing an insufficient amount in controversy to establish subject matter jurisdiction among parties with concededly diverse citizenship.  Brown Pelican, meanwhile, seeks dismissal of each claim for various reasons.

2.  The Court must address its subject matter jurisdiction first.  The parties disagree about the amount in controversy.  The notice of removal alleges that—considering all the remedies Bryant requests— that amount exceeds $75,000.  *Doc. 1 at 1-2*.  Bryant disagrees.  He points

to his complaint, which says that his "money damages shall in no event exceed $70,000." *Doc. 2 at 11*. And he argues that the notice doesn't present sufficient evidence for the Court to exercise diversity jurisdiction. 28 U.S.C. § 1446(c).

Brown Pelican must prove, by a preponderance of the evidence, that the jurisdictional threshold is satisfied. *Turntine v. Peterson*, 959 F.3d 873, 881 (8th Cir. 2020). The $70,000 that Bryant alleges in money damages is the starting point. But there's also value in what else he seeks: specific performance of the parties' alleged contract, an injunction to stop the alleged "nuisance activities," and attorney's fees. *Doc. 2 at 11-12*; *Usery v. Anadarko Petroleum Corp.*, 606 F.3d 1017, 1018-19 (8th Cir. 2010) (injunctive relief); *Feller v. Hartford Life and Accident Insurance Co.*, 817 F. Supp. 2d 1097, 1104-08 (S.D. Iowa 2010) (attorney's fees). The issue is therefore whether the value of Bryant's non-monetary relief, plus his attorney's fee request, would close the $5,000.01 gap needed for federal jurisdiction. *Lizama v. Victoria's Secret Stores, LLC*, 36 F.4th 762, 764-66 (8th Cir. 2022).

It remains an open question in the Eighth Circuit "whether the amount in controversy should be measured only from the plaintiff['s] perspective," or whether courts can consider "the total potential cost to the defendant if the plaintiff[] prevail[s]." *Lizama*, 36 F.4th at 765; *see also City of Spencer v. IsoNova Technologies, LLC*, 2024 WL 841192, at *3-5 (N.D. Iowa 28 February 2024), *report and recommendation adopted*,

2024 WL 1141015 (N.D. Iowa 15 March 2024).   But either way, Brown Pelican has carried its burden.

Start with Bryant's perspective.   As to his attorney's fee, Brown Pelican explained:   "At \$242 an hour, the total cost of Mr. Bryant's attorney's fees (to date) could reasonably be between \$5,082 and \$10,164." *Doc. 14 at 9*.  The Court agrees with that math.  An hourly rate in that ballpark is reasonable in this District for work in this kind of case by Bryant's experienced lawyer.  Considering the work that his lawyer has already done, plus the work that remains to be done, Bryant's fees are likely to push his case across the jurisdictional threshold.

The injunction would also increase the value of Bryant's property. Although neither side spent much time on this point, the Court may employ "its judicial experience or common sense" to assess its jurisdiction.  *Turntine*, 959 F.3d at 881.  Eliminating the alleged noise, dust, speeding, and other hazards on Bryant's property would increase its value.  So would removing the easement encumbering the property and fixing the southern boundary.

The costs to Brown Pelican if Bryant prevails loom large, too. Brown Pelican has offered proof about building the new access road.  It could cost more than \$100,000. *Doc. 14-2*; *Doc. 14-10*.

Based on the complaint, the notice of removal, and the proof of record, a "reasonable factfinder might legally conclude" that Bryant's damages, his attorney's fees, and the injunctive relief (either the value

to Bryant or the cost to Brown Pelican) would exceed $75,000. *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002).  Bryant hasn't shown "to a legal certainty" that everything he might gain from this case is "less than the requisite amount." *Turntine*, 959 F.3d at 881 (quotations omitted). This Court has subject matter jurisdiction.

3.      Now the motion to dismiss.  The Court takes Bryant's pleaded facts as true and draws all reasonable inferences in his favor. *Trone Health Services, Inc. v. Express Scripts Holding Co.*, 974 F.3d 845, 850 (8th Cir. 2020).

**Breach of Contract.**  Bryant has adequately pleaded a breach claim.  Consideration existed:  removal of the posts and use of more of Bryant's land, in exchange for constructing a new road and releasing the easement.  Brown Pelican says that Bryant's promise and actions didn't benefit them because the easement was theirs to use.  But Bryant alleges that the oral contract allowed Brown Pelican to use land beyond the easement.  His promise and actions gave Brown Pelican a benefit. *Youree v. Eshaghoff*, 99 Ark. App. 4, 9, 256 S.W.3d 551, 555 (2007).

The parties agree that the statute of frauds applies to this oral contract. *Doc. 13 at 10-12*.  But it doesn't defeat Bryant's claim at this point.  Reasonable detrimental reliance on an oral agreement to convey land can overcome the statute of frauds. *Van Dyke v. Glover*, 326 Ark. 736, 745, 934 S.W.2d 204, 209 (1996);   RESTATEMENT (SECOND) OF CONTRACTS § 129 (1981).  Again, Bryant pleads that he relied on Brown

Pelican's promise by upholding his end of the bargain. And he says that if Brown Pelican continues to use the easement, he won't be able to use and enjoy his property. Accepting Bryant's pleaded facts as true, it's plausible that the parties' agreement fell outside the statute of frauds.

Bryant also alleges he spoke with persons having actual or apparent authority to bind all the defendants. He points to conversations with Lester Griffin, owner and manager of Griffin Planting, and Joseph Bell, "representative and manager" of Brown Pelican. *Doc. 2 at 4.* Griffin runs his farming corporation, Griffin Planting. And a reasonable person would think that the manager of a limited liability company (Brown Pelican) has the authority to bind that company. ARK. CODE ANN. § 4-38-102(9).

**Promissory Estoppel.** Bryant has pleaded a solid promissory estoppel claim. The core is reliance. *Van Dyke*, 326 Ark. at 744-45, 934 S.W.2d at 209; RESTATEMENT (SECOND) OF CONTRACTS § 90 (1981). The reliance must be reasonable, which is a fact question. *Van Dyke*, 326 Ark. at 745, 934 S.W.2d at 209. Bryant says that, in performing his side of the parties' alleged deal, he relied on Brown Pelican's promise to build the new road and release the easement. At the pleading stage, that suffices.

**Conversion.** This claim goes forward, too. Bryant alleges that Brown Pelican exercised dominion over his speed bumps by removing

them and putting them on his property without his consent.  Brown Pelican argues that Bryant hasn't pleaded that their actions were inconsistent with Bryant's property rights.  But, in a case about gates and speed bumps, the Arkansas Court of Appeals has held that "the owner of the servient estate" may install some barriers if certain conditions are met.  Gates or speed bumps are allowed "if they are so located, constructed, or maintained as not to unreasonably interfere with the right of passage and when they are necessary for the preservation and proper and efficient use of the lands constituting the servient estate."  *Burley v. Bradley*, 2021 Ark. App. 105, at 13-14, 619 S.W.3d 49, 57-58.

**Declaratory Judgment.**  Under Arkansas law, courts can resolve boundary disputes by declaring the parties' rights.  *E.g.*, *Myers v. Yingling*, 372 Ark. 523, 526 279 S.W.3d 83, 86 (2008); *Stadler v. Warren*, 2012 Ark. App. 65, at 1-2, 389 S.W.3d 5, 6.  Bryant wants the Court to declare that a row of cedar trees "which have been long honored as the Southern boundary" between his property and Brown Pelican's property as a boundary for the easement.  *Doc. 2 at 9.*  That's sufficient for now.

**Injunctive Relief.**  Bryant has also stated a plausible nuisance claim.  It's true that he styles count five of his complaint as "Injunction." *Ibid.*  But, reading his complaint as a whole, count five is a nuisance claim for which an injunction is the requested remedy.  *Warmington v.*

*Board of Regents of University of Minnesota*, 998 F.3d 789, 795 (8th Cir. 2021).  Bryant says that Brown Pelican's use of the easement intruded on his right to use and enjoy his property by stirring up dust, preventing him from keeping livestock, and running over his pets.  He also pleads that Brown Pelican's misuse poses health and safety risks to his family.  Those facts state a claim for nuisance.  *Aviation Cadet Museum, Inc. v. Hammer*, 373 Ark. 202, 207-08, 283 S.W.3d 198, 203 (2008).

*       *       *

Motion to remand, *Doc. 11*, denied.  Motion to dismiss, *Doc. 8*, denied.

So Ordered.

D.P. Marshall Jr.
United States District Judge

27 August 2024