IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JOE N. BRYANT, III                                      PLAINTIFF/COUNTER
                                                              DEFENDANT

v.                                    No. 4:24-cv-491-DPM

LESTER GRIFFIN and GRIFFIN
PLANTING CO., INC.                                      DEFENDANTS

v.

BROWN PELICAN FARMS, LLC              DEFENDANT/COUNTER
                                                            CLAIMANT

## ORDER

The parties are at odds over pleading niceties. In a composite paper, Bryant answered Brown Pelican's amended counterclaims, moved to dismiss them for failing to state claims, asserted affirmative defenses (including all his Rule 12(b) defenses), and responded to what Bryant believed was Brown Pelican's 12(b)(6) motion to dismiss his first amended complaint. In response, Brown Pelican has moved to strike the motion to dismiss embedded in Bryant's pleading.

Brown Pelican is correct: Bryant did not follow the best practice here. A motion is not a pleading or a proper part of a pleading. But stretching preservation of an affirmative defense into a

quasi-motion to dismiss in an answer is fairly common.

Consider Brown Pelican's last pleading. "Brown Pelican affirmatively states that the First Amended Complaint fails to state a claim upon which relief may be granted and, therefore, must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Doc. 40 at ¶ 78.* Unlike Bryant, Brown Pelican didn't include a "Motion to Dismiss" heading or say it "moves" to dismiss Bryant's complaint. *Compare Doc. 43 at 8.* But Brown Pelican went beyond what was required for preservation—it specified the relief sought. Though less than a full-throated motion, this was more than was necessary to avoid waiving the defense. Bryant read it as motion-ish, and, to be cautious, responded in a sentence. *Doc. 43 at 9.*

A motion to strike is too big a gun to use against Bryant's errant paragraph 74. A call or an email to counsel opposite confirming that these words were all about preservation should have been sufficient. If this was done, but bore no fruit, that would be disappointing. If necessary, a precautionary response would have been fine. Instead, the Court has received eighteen pages of argument about all this.

The Court construes both sides' papers as preserving the 12(b)(6) defense, nothing more. That's the substance. Motion to strike, *Doc. 46,* denied. Please focus on the merits.

- 2 -

So Ordered.

_D.P. Marshall Jr._
D.P. Marshall Jr.
United States District Judge

_10 December 2025_